RUTH W. FALES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fales v. Commissioner
Docket No. 5322-73.
United States Tax Court
T.C. Memo 1975-52; 1975 Tax Ct. Memo LEXIS 323; 34 T.C.M. (CCH) 317; T.C.M. (RIA) 750052; March 10, 1975, Filed *323 Ruth W. Fales, pro se. Lowell F. Raeder, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $295.38 in petitioner's 1971 income tax. The sole issue is whether petitioner is entitled to a "war crimes" deduction of $1,914.37. Petitioner resided at Lincoln University, Pennsylvania, at the time she filed her petition herein. In her petition, petitioner alleged error by respondent on the grounds that "[during] the year in question (1971) the United States government by its intervention in Indochina engaged in the pursuit of criminal objectives and did so by criminal means and in violation of recognized principles of national and international law, e.g., the Constitution of the United States, the United Nations Charter, the Hague Convention of 1907, the Geneva Convention of 1949, the Nuremberg Principles, the Geneva Accord of 1954." Petitioner also alleged certain facts to support her allegations and also claimed that she "deposited" $268.38 with the Brandywine War Tax Resistance Fund and contributed $27.00 to the American Friends Service Committee. Respondent, having filed an answer *324 denying the substantive allegations of the petition, moved for judgment on the pleadings. We hold that respondent's motion should be granted. We accept the fact that petitioner's views are based upon strong and sincere convictions. Nevertheless, whether we view petitioner's position as being founded on religious or moral principles or on alleged illegal acts on the part of the United States Government and even if we assume, as we must, for the purposes of this motion, that her allegations are true, petitioner must fail. The issues which she has raised have consistently been held by the courts not to provide a basis for permitting a taxpayer to avoid his or her obligation to pay Federal income tax. , and cases cited therein. The Third Circuit Court of Appeals (to which an appeal in this case would lie, cf. , affd. (C.A. 10, 1971)), in (C.A. 3, 1973), has adhered to this position even in a situation involving a criminal prosecution for violation of the Federal income tax laws. [1] We find *325 no basis in developments in our national political and government life since those cases were decided to depart, as petitioner suggests we should do, from the established precedents.
Decision will be entered for the respondent.
Footnotes
1. See also ; ; .↩